UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EL AEMER EL MUJADDID,

    Plaintiff,

    v.

LYNN A. WEHLING,

    Defendant.

Case No. 25–cv–00738–ESK–EAP

OPINION AND ORDER

**THIS MATTER** having come before the Court on: (1) plaintiff El Aemer El Mujaddid's motion to disqualify (Recusal Motion) (ECF No. 94 (Recusal Mot.)); (2) plaintiff's motion for reconsideration (Reconsideration Motion) (ECF No. 95 (Recon. Mot.)); and (3) plaintiff's motion for relief from judgment (Relief Motion) (ECF No. 97 (Relief Mot.)); and plaintiff's motion for oral argument (Oral Argument Motion) (ECF No. 98); and the Court finding,

### PROCEDURAL HISTORY

1.    On April 14, 2026, following a hearing on several motions (Hearing), (*see* ECF No. 92), I granted defendant Lynn A. Wehling's cross-motion to dismiss (ECF No. 17) and dismissed the amended complaint (ECF No. 8) with prejudice. (ECF No. 93 (Dismissal Order)).

2.    In response to the dismissal, on April 14, 15, and 16, 2026, plaintiff El Mujaddid filed the Recusal Motion, Reconsideration Motion, and Relief Motion, seeking to disqualify me and vacate the Dismissal Order.

3.    As an initial matter, at several points in his motions, El Mujaddid refers to certain statements made at the Hearing. (*See, e.g.*, Recusal Mot. p. 4 ¶¶ 5, 7.) But plaintiff did not order a transcript of the Hearing, and without a transcript, I will not speculate as to the accuracy of plaintiff's recollection of certain statements..

### RECUSAL MOTION

4.    Under 28 U.S.C. §144, recusal is within the sound discretion of the trial court judge. *United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir.

1985).    Under Section 144, a judge must recuse if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal bias or prejudice against [the party seeking recusal], or in favor of any adverse party."[1]    28 U.S.C. § 144.    To succeed, the facts in the affidavit must: (1) be material and stated with particularity; (2) be such that, if true, they would convince a reasonable person that a bias exists; and (3) show the bias is personal, as opposed to judicial, in nature.    *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

5.    "Adverse legal rulings are not proof of prejudice or bias [] and are almost never a basis for recusal."    *Jacobsen v. Citi Mortg. Inc., (NJ)*, 715 F. App'x 222, 223 (3d Cir. 2018); *see also In re Gavett*, 447 F. App'x 303, 305 (3d Cir. 2011) ("[A] litigant's dissatisfaction with a judge's rulings does not require recusal.").

6.    The Recusal Motion argues, *inter alia*, that I harbor a personal bias or prejudice (*see* 28 U.S.C. § 144) because I clerked for a presiding criminal judge in New Jersey Superior Court.    (Recusal Mot. pp. 4, 8; ECF No. 94–1 p. 2.).    Not only is this argument frivolous and irrelevant, but El Mujaddid presents no facts that would convince a reasonable person that my past clerkship creates a bias against him.    *See Thompson*, 483 F.2d at 528.[2]

7.    El Mujaddid's argument that I have not be impartial fares no better. "A fair trial in a fair tribunal is a basic requirement of due process."    *In re Murchison*, 349 U.S. 133, 136 (1955).    The federal recusal statute, 28 U.S.C. § 455(a), provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned."    The test for recusal under the

---

[1] "When a party makes a motion pursuant to Section 144[,] another judge must rule on the recusal motion so long as the supporting affidavit meets the 'sufficiency test.'" *Livingston v. Garda World, LLC*, No. 23–23006, 2025 WL 1343093, at *2 (D.N.J. Apr. 2, 2025) (citing *In re Kensington Int'l Ltd. (Kensington I)*, 353 F.3d 211, 224 n. 12 (3d Cir. 2003)), *reconsideration denied*, 2025 WL 1167977 (D.N.J. Apr. 21, 2025).    I am satisfied that El Mujaddid's supporting affidavit (ECF No. 94–1) does not meet the "sufficiency test," and as such, I may rule on the Recusal Motion.

[2] Another problem is that El Mujaddid had my professional history in his possession from the beginning of this litigation.    *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 314–15 (3d Cir. 2004) ("[W]hen a party's attorney is aware of the grounds supporting recusal, but fails to act until the judge issues an adverse ruling, the recusal motion is not timely.")    If plaintiff was concerned about potential bias based on my prior clerkship, he could have moved for recusal well before now.    *See United Rentals (N. Am.), Inc. v. Liberty Mut. Fire Ins. Co.*, 744 F. Supp. 3d 333, 347–48 (D.N.J. 2024) (denying recusal motion when "Liberty Mutual had full knowledge and access to every piece of the allegedly negative information that has now been belatedly asserted in this case to justify a recusal request").

2

statute is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Kensington I*, 353 F.3d at 220 (3d Cir. 2003). The "polestar" in interpreting Section 455(a) is "'[i]mpartiality and *the appearance of impartiality*.'" *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 98 (3d Cir. 1992) (quoting 28 U.S.C. §455(a)).

8. The Recusal Motion further argues that I failed to maintain an appearance of impartiality (*see* 28 U.S.C. §455(a)) by "explicitly directing [d]efense [c]ounsel … that he did not have to speak or otherwise respond to [p]laintiff's arguments," and that doing so "rendered the adversarial hearing a mere formality and proved a predetermined outcome." (Recusal Mot. p.4 ¶¶5, 6.). But El Mujaddid fails to show that a reasonable person, knowing all the relevant facts, would question my impartiality. *Kensington I,* 353 F.3d at 220; *see also Shaikh v. Schron*, No. 24–8249, 2025 WL 3042541, at *3 (D.N.J. Oct. 31, 2025) (denying motion to recuse when the plaintiff "[did] not identify any extrajudicial conduct that suggest[ed] the [judge was] biased or would be prejudiced against [the] [p]laintiff").

9. The rest of El Mujaddid's arguments all involve alleged misapplications of the law. These include: (1) misapplication of the *Rooker-Feldman* doctrine (Recusal Mot. pp.8–9); (2) misuse use of *res judicata* (*id.* p.9); (3) failure to take judicial notice of certain records (*id.* p.10); and (4) referring to El Mujaddid as "defendant" (*id.*) But misapplication of the law cannot be the basis for recusal. *See Jacobsen*, 715 F. App'x at 223; *Gavett*, 447 F. App'x at 305.

## RECONSIDERATION MOTION

10. "The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, [an order or] a judgment may be altered or amended if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [resolved] the motion …; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations and quotations omitted).

11. In this district, motions for reconsideration are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration where the party believes the judge has "overlooked" a factual or legal issue. L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may result in a different conclusion of the matter. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

12. Here, the Reconsideration Motion has not raised any new facts or controlling decision that I overlooked. *See* Local Civil Rule 7.1(i). Rather, the Reconsideration Motion merely rehashes arguments already made in opposition to defendant's Motion to Dismiss. For example, both challenge the New Jersey Office of the Attorney General's (NJOAG) assertion of *res judicata*, collateral estoppel, and the entire controversy doctrine. (*See* Recon. Mot. pp. 15, 16; ECF No. 21 pp. 15–19.) And both contest the NJOAG's authority to represent Wehling. (*See* Recon. Mot. pp. 29–31; ECF No. 21 pp. 4–6, 14.)

13. Because El Mujaddid has shown no intervening change in the law, new evidence, or clear error of law or fact requiring correction to prevent manifest injustice, the Reconsideration Motion will be denied. *See Max's Seafood Cafe*, 176 F.3d at 677.

## **RELIEF MOTION**

14. El Mujaddid, moves for relief from the Dismissal Order pursuant to Federal Rule of Civil Procedure (Rule) 60(b)(1), (3), (4), (6), and Rule 60(d)(3). (Relief Mot. p. 1.) Regardless of the specific provisions that El Mujaddid relies on, his "motion carries a heavy burden, as Rule 60(b) motions are viewed as extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (internal quotations omitted).

15. The Relief Motion suffers from the same problems as the Reconsideration Motion by repeating past arguments from El Mujaddid's response to defendant's motion to dismiss. For example, both argue that preclusion doctrines do not apply to El Mujaddid because he was the prevailing party in the underlying criminal and municipal matters. (*See* Relief Motion pp. 22–25; ECF No. 21 pp. 15–18.) Both assert that El Mujaddid asserts viable federal civil rights claims and is not asking the court to overturn any state-court judgment. (*See* Relief Motion pp. 11–17; ECF No. 21 pp. 6–8, 25–29.) And both challenge the NJOAG's role as counsel for Wehling. (*See* Relief Motion pp. 5, 18–20; ECF No. 21 pp. 4–6, 14).

16. Because "a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed," the Relief Motion will be denied. *Harris v. Nogan*, No. 17–259, 2019 WL 1435925, at *3 (D.N.J. Apr. 1, 2019) (quoting *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003)); *accord Balter v. United States*, 410 F. App'x 428, 430 (3d Cir. 2010) (finding no abuse of discretion when district court denied Rule 60(b) motion that "simply rehashed arguments" from prior motions).

Accordingly,

**IT IS** on this   **6th** day of **May 2026   ORDERED** that:

1.    The Recusal Motion, Reconsideration Motion, and Relief Motion are DENIED.

2.    The Oral Argument Motion is DENIED as moot.

3.    This matter remains CLOSED.

    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**